OPINION
Robert Thomas appeals from an order of April 7, 2000, determining that he is a sexual predator. He contends in his single assignment of error that this determination is against the manifest weight of the evidence. We overrule this assignment. The order will be affirmed.
Thomas was indicted February 14, 1992, for the rape of his niece in June, 1990, and for the corruption of this same niece in January, 1992. Both offenses involved sexual conduct and the difference in the offenses is explained by the victim's attaining age thirteen during the interim between the two offenses.
Thomas pleaded guilty to attempted rape October 21, 1992, and was sentenced November 30, 1992, to 8 — 15 years imprisonment.
On March 31, 2000, the trial court conducted a sexual predator hearing. The evidence consisted of documents admitted by agreement of counsel for the parties: the 1992 presentence report and psychological evaluation prepared prior to sentencing, a psychological evaluation completed in August, 1998, an H.B. 180 screening instrument completed December 28, 1999, and an "institution summary" which appears to have been compiled in June, 1999.
Thomas' appellate argument essentially contends that the trial court improperly weighted the various factors it discussed from the bench.
Our appellate responsibility is to determine whether the evidence before the trial court clearly and convincingly supported an inference that Thomas was likely to commit a sexually oriented offense in the future.
From the 1992 PSI and psychological evaluation, we learn that the victim is Thomas' mildly retarded niece. The sexual offenses consisted of fellatio and anal intercourse, accompanied by threats of harm if she told anyone, which, in fact, caused the child not to report the offenses until February 8, 1992. The offenses occurred when Thomas was babysitting for his niece. Thomas alternately denied sexual activity with his niece and blamed his niece for initiating the sexual activity.
It appears from the institution summary that Thomas participated in self-improvement programs while incarcerated including Anger Control, Stress Management, "N/A," for which he received a certificate of achievement, "Recovery," for which he received a commendation, and an eighteen-hour video for sex offenders.
The evidence also establishes that at the time of the hearing, Thomas was almost 62, had no other criminal record, had no substance abuse problem, and did not suffer from any serious mental disorder.
While the evidence undeniably contains information that militates against determining that Thomas is a sexual predator, the following passage from the 1998 psychological evaluation lends strong support for the trial court's finding:
 An important factor for the determination of Mr. Thomas' sexual predator status is the fact that he continues (after six years of incarceration) to maintain his absolute innocence in the instant offense. At the time he was seen by this psychologist in November 1992 he was noted to "completely blame the victim for the molestations." And at the present time he states that he "pushed her away" because he "didn't want her close to me." He continues to state that "nothing happened," he was not sexual with her in any way, and he never threatened her in any way. Such a lack of accountability and massive denial are important indicators for recidivism. An offender who refuses to accept any accountability for his molesting behavior is not a good treatment candidate at that point in time and is at high risk for reoffense.
 As to Mr. Thomas' appropriateness for community based treatment and supervision, he offers nothing new to recommend him. After six years of incarceration he continues in massive denial. He is also an individual who is vague and evasive, who is not verbally skilled and would be very difficult to treat in a community-based, sex-offender treatment program. Because of his high level of denial, once per week treatment interventions would have little impact and
while being treated he would be a high risk for continued sexual acting out in the community.
 We also believe the trial court acted reasonably in minimizing the benefit, if any, of the limited sex offender treatment Thomas received in prison and properly considered the offenses Thomas committed, not just what he pleaded guilty to.
In our judgment, the evidence before the court clearly and convincingly supports the trial court's finding.
 ______________________ WOLFF, J.
BROGAN, J. and YOUNG, J., concur.